UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WARREN R. KNIGHT, )<br>)<br>         PLAINTIFF )<br>)<br>v. )<br>)<br>PIKE INDUSTRIES, INC., )<br>)<br>         DEFENDANT ) | CIVIL NO. 2:15-CV-468-DBH |

**ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS**

The defendant's partial motion to dismiss (directed to Counts III and IV, false arrest and false imprisonment, respectively) is **DENIED**. The issues the defendant raises on these two counts are more appropriate for summary judgment or trial. First, factual determinations concerning the nature of the defendant's role in the police actions are necessary, given the Maine false imprisonment cases of Holland v. Sebunya, 2000 ME 160, ¶¶ 17-19, 759 A.2d 205, 212, and DeAngelis v. Maine Education Ass'n, No. CV-03-493, 2004 WL 1925543, at *2 (Me. Super. June 30, 2004). Second, it is premature to dismiss the false arrest claim on the basis that it duplicates the false imprisonment claim or is "merely a subspecies of false imprisonment," Def.'s Reply at 3 (ECF No. 9), because I do not yet know what facts or damages the plaintiff can prove with respect to either claim. (The plaintiff was both arrested and imprisoned.)

Finally, because the plaintiff has agreed, see Pl.'s Resp. in Opp'n to Def.'s Partial Mot. to Dismiss at 1 (ECF No. 8), to file an amended complaint to remove the stated ad damnum, no action is necessary on the defendant's motion to

strike. I therefore do not rule on whether Maine law, 14 M.R.S.A. § 52 (2003), prohibiting an ad damnum in the complaint (the defendant's motion to strike the ad damnum was filed in state court before the defendant removed the lawsuit to federal court) applies in federal court, which has no such prohibition. See generally Kiddie Acad. Domestic Franchising LLC v. Faith Enter. DC, LLC, No. CIV. WDQ-07-0705, 2010 WL 673112, at *5 (D. Md. Feb. 22, 2010) ("As the content of an *ad damnum* clause is a pleading requirement, this is a matter of procedural law governed by federal-not Maryland-law." (citing United States v. White, 366 F.3d 291, 294 (4th Cir. 2004))); Roberts v. Jones, 390 F. Supp. 2d 1333, 1337 (M.D. Ga. 2005) ("The sufficiency of a plaintiff's complaint is judged by the standard set out in Federal Rule 8(a)."); Guerrero v. Brewer, No. CIV. A. 92-2948, 1992 WL 364772, at *1 (E.D. La. Nov. 20, 1992) ("Louisiana's law prohibiting *ad damnum* clauses is procedural and thus does not apply in this federal diversity action."); Milano by Milano v. Freed, 767 F. Supp. 450, 452 (E.D.N.Y. 1991) ("[P]leading the amount of damages in an *ad damnum* clause . . . is a procedural matter governed by Fed. R. Civ. P. 8. . . . the mere contents of the *ad damnum* clause neither affects 'primary decisions respecting human conduct' nor causes forum shopping or the inequitable administration of justice." (quoting Hanna v. Plumer, 380 U.S. 460, 475 (1965) (Harlan, J., concurring))).

SO ORDERED.

DATED THIS 4TH DAY OF JANUARY, 2016

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**